*285 OPINION
BAILEY, J.
I agree with the opinion of the Board of Appeals of the Patent Office in saying:
“Applying these adjudications to the instant case, the record shows that on January 24,1929, more than eight months after the declaration of the said interference No. 56839, the applicant filed the instant application; that on August 23, 1930, more than two years after the declaration of said interference, the applicant copied the claims on appeal from the Moody application and requested that a second interference be declared between this application and the Moody application ; and that the claims on appeal were not copied from the Moody application until more than a month after the decision of the examiner of interferences in said interference in favor of Moody.
“No reason is apparent, and none has been given, why this application, including the claims now on appeal, was not filed in time to be included in said interference; and, by reason of the applicant's failure to do so, he is now clearly estopped, in view of the cited authorities, to make said claims.”
As to the question of res judicata, I think that in proceedings for the issuance of patents and other similar proceedings before the Court of Customs and Patent Appeals and the Dis *286 trict Courts, the judgments and decrees of these Courts are final and res judicata as to such proceedings, but of course, in the language of the statute, do not “preclude any person interested from the right to' contest the validity of such patent in any court wherein the same may be called in question.” This evidently refers to infringement and similar suits.
In view of what has been said above, it is not necessary to pass upon the effect of the British patent as a reference, but since testimony in addition to that offered in the Patent Office may be introduced in proceedings under R. S. 4915, there would seem to be no reason why the Patent Office may not offer additional reference in evidence.
The bill should be dismissed with costs.